873 A.2d 1277

COMMONWEALTH of Pennsylvania, Appellee,

v.

Samuel B. RANDOLPH, IV, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 1, 2004.

Decided May 16, 2005.

Samuel C. Stretton, Esq., West Chester, for Samuel Randolph.

Francis T. Chardo, Esq., Amy Zapp, Esq., Harrisburg, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice EAKIN.

Samuel B. Randolph, IV has filed a direct appeal from the judgment of sentence of death following his convictions for two counts of first degree murder, two counts of criminal attempt, three counts of aggravated assault, two counts of firearms violations, and reckless endangerment.[1] The convictions stem from three shootings in September, 2001. We affirm.

In the early morning hours of September 1, 2001, at Roebuck's Bar in Harrisburg, an argument began between appellant and Alister Campbell, which led to a fight involving appellant, Gary Waters, and Thomas Easter; appellant was thrown out of the bar. Early the following morning, appellant drove past the bar, exchanged words with Campbell, Waters, and Easter, drove away, and then returned in a different vehicle. Appellant opened fire in the direction of Campbell and Easter, grazing Waters' hand. Ronald Roebuck, the owner of the bar, identified appellant as the shooter. In the late evening of September 2, while Campbell, Easter, and Waters were parked on Maclay Street in Harrisburg, appellant pulled up beside them and opened fire, striking Waters'

---

1. 18 Pa.C.S. § 2502(a); *id.,* § 901; *id.,* § 2702(a)(1); *id.,* § 6105; *id.,* § 6106(a)(1); and *id.,* § 2705, respectively.

back and grazing his head, thigh, and buttocks. Waters and his girlfriend, Syretta Clayton, were able to identify appellant. On September 19, at Todd and Pat's Bar in Harrisburg, appellant opened fire, striking Campbell in the chest, arm, and leg. He seriously injured several others and killed Easter and another individual, Anthony Burton. Several witnesses identified appellant as the shooter.

Following a jury trial, appellant was found guilty of all charges and sentenced to death on two counts of first degree murder. Appellant now raises the following issues:

1. Whether the trial court erred in denying appellant's request to have his counsel of choice, Samuel C. Stretton, represent him and in denying a continuance to allow Mr. Stretton to represent him.

2. Whether the trial court erred in allowing appellant to represent himself during the penalty phase and in allowing appellant the right not to make argument or present any mitigating evidence.

3. Whether the trial court erred in denying appellant a new trial based on newly discovered evidence.

Although appellant does not challenge the sufficiency of the evidence, we begin by independently reviewing the evidence to determine whether it was sufficient to sustain appellant's first degree murder convictions. *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 454 A.2d 937, 942 (1982), *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444 (1983), *reh'g. denied,* 463 U.S. 1236, 104 S.Ct. 31, 77 L.Ed.2d 1452 (1983). In reviewing the sufficiency of the evidence, this Court will consider whether the evidence, and all reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, would permit a jury to find all of the elements of the crime proven beyond a reasonable doubt. *Commonwealth v. Nelson,* 514 Pa. 262, 523 A.2d 728, 732 (1987), *cert. denied,* 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987). Section 2502(a) of the Crimes Code states, "[a] criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." 18 Pa.C.S. § 2502(a). Inten-

tional killing is "[k]illing by means of . . . willful, deliberate and premeditated killing." *Id.,* § 2502(d). A "willful, deliberate and premeditated killing" occurs where the actor has manifested the specific intent to end the life of the victim. *Nelson,* at 732 (citation omitted). The use of a deadly weapon on a vital part of the human body is sufficient to establish the specific intent to kill. *Commonwealth v. Walker,* 540 Pa. 80, 656 A.2d 90, 95 (1995).

█ At trial, the evidence established that appellant shot Easter, who died from a gunshot wound to the head, and Burton, who died from a gunshot wound that entered his upper left back and passed through his heart. Appellant's use of a deadly weapon on a vital part of each victim's body is sufficient to establish specific intent to kill. *Id.,* at 95. Based on the evidence presented, the jury could have concluded appellant acted with specific intent to kill Easter and Burton. Accordingly, the evidence was sufficient to sustain appellant's convictions for first degree murder.

█ Appellant argues the trial court erred in denying him the right to have private counsel represent him during trial and in denying a continuance to enable private counsel to represent him. He contends he sought private counsels representation because there was a major breakdown in communication between him and court-appointed counsel and because court-appointed counsel was unprepared, rather than for purposes of delay.

The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. *Commonwealth v. Ross,* 465 Pa. 421, 422 n. 2, 350 A.2d 836, 837 n. 2 (1976). As we have consistently stated, an abuse of discretion is not merely an error of judgment. *Mielcuszny v. Rosol,* 317 Pa. 91, 93–94, 176 A. 236, 237 (1934). Rather, discretion is abused when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record. . . ." *Commonwealth v.*

*Chambers,* 546 Pa. 370, 387, 685 A.2d 96, 104 (1996) (quoting *Mielcuszny,* 317 Pa. at 93–94, 176 A. at 236).

*Commonwealth v. McAleer,* 561 Pa. 129, 748 A.2d 670, 673 (2000).

> We have held, however, that the constitutional right to counsel of one's own choice is not absolute. *Commonwealth v. Robinson,* 468 Pa. 575, 592–93 & n. 13, 364 A.2d 665, 674 & n. 13 (1976). Rather, "the right of the accused to choose his own counsel, as well as the lawyer's right to choose his clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *Id.,* at 592, 364 A.2d at 674 (internal quotations omitted). Thus, this Court has explained that while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably "clog the machinery of justice" or hamper and delay the state's efforts to effectively administer justice. *Commonwealth v. Baines,* 480 Pa. 26, 30, 389 A.2d 68, 70 (1978).

*Id.,* at 673–74.

This case had already been continued twice at the request of court-appointed counsel. Appellant waited until May 1, 2003, two business days before trial was scheduled to commence, to apprise the trial court of his desire to have private counsel represent him, even though he had first contacted private counsel about representation in January, 2003. The trial court denied appellant's request for a continuance but gave private counsel the opportunity to participate and was willing to accommodate his schedule and allow him time to prepare following jury selection. However, private counsel never showed up at trial or during sentencing. In considering the motion for continuance, the trial court weighed appellant's right to counsel of his choice against the state's interest in the efficient administration of justice. We find no abuse of discretion in the trial court's refusal to grant appellant's request for a continuance.

■■■■ Appellant next asserts the trial court erred in permitting him to waive his right to present mitigating evidence and his right to counsel during the penalty phase. "A criminal defendant has the right to decide whether mitigating evidence will be presented on his behalf." *Commonwealth v. Reid,* 571 Pa. 1, 811 A.2d 530, 553 (2002) (quoting *Commonwealth v. Sam,* 535 Pa. 350, 635 A.2d 603, 611 (1993)). "[A] capital defendant may waive the right to present mitigating evidence, so long as the waiver was knowing, intelligent, and voluntary." *Commonwealth v. Davido,* 582 Pa. 52, 72–73, 868 A.2d 431, 443, 2005 Pa. LEXIS 361, *27 (citing *Commonwealth v. Marinelli,* 570 Pa. 622, 810 A.2d 1257, 1275–76 (2002)). "[I]n order for such a waiver to be valid, the trial court should conduct a thorough on the record colloquy regarding the waiver of mitigating evidence given the consequences of such a decision." *Id.,* at *28 *Id.,* at 443–44, 810 A.2d 1257 (citing *Commonwealth v. Wilson,* [861 A.2d 919, 935 n. 20 (Pa.2004)] (citing *Commonwealth v. Crawley,* 514 Pa. 539, 526 A.2d 334, 340 n. 1 (1987))).

■■■■ Here, a colloquy was conducted during which appellant indicated his understanding of the Commonwealth's burden of proving aggravating circumstances, his burden of proving mitigating circumstances, the weighing of aggravating and mitigating circumstances, the significance of mitigating evidence, and his right to present mitigating circumstances. *See* N.T., Vol. VII, 5/14/03, at 24–27, 29. Appellant was given the opportunity to present mitigating evidence, with a full understanding of the consequences of not presenting such evidence, but chose not to do so.

■■■■ Rule 121 of the Pennsylvania Rules of Criminal Procedure provides, "[w]hen the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel." Pa. R.Crim.P. 121(C). The trial court must ensure the following inquiries are made to determine whether the waiver is knowing, voluntary, and intelligent:

(1) whether the defendant understands that he has a right to be represented by counsel and the right to free counsel if he is indigent, (2) whether the defendant understands the nature of the charges against him and the elements of each of those charges, (3) whether the defendant is aware of the permissible range of sentences and/or fines for the offenses charged, (4) whether the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules, (5) whether the defendant understands that there are possible defenses to these charges to which counsel might be aware, and if these defenses are not raised they may be lost permanently, and (6) whether the defendant understands that, in addition to defenses, the defendant has other rights that, if not timely asserted, may be lost permanently and that if errors occur and are not objected to or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

*Commonwealth v. McDonough*, 571 Pa. 232, 812 A.2d 504, 506–07 (2002) (citing *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1335 (1995); Pa.R.Crim.P. 121 cmt.).

 The court held a thorough colloquy evidencing appellant's understanding that an attorney, unlike appellant, is aware of the rules of evidence and procedure, appellant would be bound by the same rules as an attorney, appellant was facing the death penalty, appellant as an indigent was entitled to free counsel, and appellant would be waiving any issues not raised. *See* N.T., Vol. VIII, 5/15/03, at 12–16. Appellant's understanding of the significance of the penalty phase is also evidenced by the earlier colloquy on the waiver of mitigating evidence. Appellant, aware of his right to counsel and the consequences of waiving such right, indicated his desire to proceed *pro se.* Thus, appellant knowingly, intelligently, and voluntarily waived both his right to present mitigating evidence and his right to be represented by counsel during the penalty phase.

In his final claim, appellant contends he should have been granted a new trial on the basis of after-discovered evidence in the form of witness testimony from Shannon Taylor, Sean Sellars, Heath Wells, and Donald Roebuck which would refute Ronald Roebuck's testimony identifying appellant as the September 2 shooter. Specifically, appellant argues these witnesses would testify Ronald Roebuck was not outside the bar at the time of the shooting and did not see the shooting. In order to be granted a new trial based on after-discovered evidence, appellant must show the evidence:

1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence;

2) is not merely corroborative or cumulative;

3) will not be used solely to impeach the credibility of a witness; and

4) is of such nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. McCracken,* 540 Pa. 541, 659 A.2d 541, 545 (1995) (citation omitted). The trial court concluded these statements did not constitute after-discovered evidence, but related only to credibility. Appellant has failed to meet his burden of showing the statements of Taylor, Sellars, Wells, and Donald Roebuck would not be used for the sole purpose of impeaching the credibility of Ronald Roebuck.

Appellant also contends a statement by a Mr. Stanko, containing an admission by a Mr. Bush that Bush was the killer, was after-discovered evidence warranting a new trial. According to Stanko's statement, Bush was in possession of the Harrisburg newspaper, which reported the killings of Easter and Burton; Stanko asked Bush if he had any involvement with the killings and Bush smiled. The trial court found Stanko's statement was so unreliable that it would have been inadmissible; the court concluded the statement constituted inadmissible hearsay with no applicable exception. Appellant argues this evidence was a statement against penal interest. A statement against interest is only admissible if the declarant

is unavailable as a witness. Pa.R.Evid. 804(b)(3). Rule 804(b)(3) defines a statement against interest as follows:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. In a criminal case, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

*Id.*

The trial court found the statement failed to meet the requirements of the statement against interest exception to the hearsay rule because Bush was not unavailable and the statement lacked credibility. Stanko was uncertain as to what information he obtained from the newspaper article and what he learned from Bush. Further, Bush made no statement; he only smiled in response to Stanko's question. Stanko rated Bush's credibility a "2" on a scale from 1 to 10 and believed the information was "puffing." *See* N.T., 9/5/03, at 58, 86, 92–93, 101, 103. We find no abuse of discretion in the trial court's refusal to grant a new trial where the statement would not have been admissible.

Our review of the record establishes the sentence imposed was not the product of passion, prejudice, or any other arbitrary factor. 42 Pa.C.S. § 9711(h)(3). We further find the evidence was sufficient to establish the two aggravating factors found by the jury, specifically: (1) appellant has been convicted of another federal or state offense, committed either before or at the same time as the offense at issue, for which a sentence of life imprisonment or death could be imposed, 42 Pa.C.S. § 9711(d)(10); and (2) appellant knowingly created a grave risk of death to another person other than the victim of the murder, *id.*, § 9711(d)(7). Accordingly, we affirm the verdict and the sentence of death.

The Prothonotary of this Court is directed to transmit the complete record of this case to the Governor. *Id.,* § 9711(i).

Judgment of sentence affirmed.

Justices NIGRO and SAYLOR concur in the result.