J-S19010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY MCCLELLAN, | |
| Appellant | No. 1672 EDA 2015 |

Appeal from the Judgment of Sentence Entered October 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0001705-2010
CP-51-CR-0001706-2010

BEFORE:  BENDER, P.J.E., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 23, 2016**

Appellant, Anthony McClellan, appeals *nunc pro tunc* from the judgment of sentence of 6 to 14 years' incarceration, imposed after he was convicted, following a non-jury trial, of two counts each of aggravated assault (18 Pa.C.S. § 2702), simple assault (18 Pa.C.S. § 2701), recklessly endangering another person (REAP) (18 Pa.C.S. § 2705), and resisting arrest (18 Pa.C.S. § 5104).  Appellant challenges the trial court's denial of his post-sentence motion for a new trial based on after-discovered evidence. We affirm.

The trial court summarized the evidence presented at Appellant's non-jury trial, as follows:

> Philadelphia Police Officer William Kozlowski testified that on October 16, 2009, he was in full uniform in a marked police

car, with his partner, Philadelphia Police Officer Deborah Jackson. He was conducting surveillance of the Top to Bottom Bar located at the 800 block of North 40th Street, after a recent string of bar robberies in West Philadelphia. At approximately 8:30 p.m., Officer Kozlowski saw [Appellant] come out from behind the bar and walk down 40th Street towards a Chinese Food Store. Because [Appellant] looked familiar, Officer Kozlowski approached [Appellant] believing he may have information about the robberies in the area.

As he approached, Officer Kozlowski asked [Appellant], "Hey do you know what's going on around here?" [Appellant then] swung at [the officer] with a closed fist and put both hands on Officer Kozlowski's chest and pushed him backwards. Officer Kozlowski[] testified that a struggle ensued and [Appellant] punched him twelve more times, striking him in the face, chest, and body.

Philadelphia Police Officer Deborah Jackson testified that on October 16, 2009, she and her partner, Officer Kozlowski, were conducting surveillance of the area surrounding the Top to Bottom Bar. She testified [that] at approximately 8:30 p.m., … she saw [Appellant] exit the Bar. She exited the vehicle and stood on the sidewalk with Officer Kozlowski, who then approached [Appellant] to ask him a question. [Appellant] then "swung at [the officer] with a closed fist in the face and connected." Officer Jackson tried to intervene in the struggle and was kicked numerous times and knocked off balance.

Two out-of-town firefighters, Mr. Robert Roberts and Mr. Patrick Ward testified that … they came across the struggle between Officer Kozlowski, Officer Jackson and [Appellant]. Mr. Roberts testified that he saw [Appellant] punch Officer Kozlowski in the face and the leg. Mr. Ward testified [that] he saw [Appellant] "striking the police." Both men testified that they exited their vehicles and aided the police officers to hold [Appellant] down so the [o]fficers could place him in hand-cuffs [*sic*].

Trial Court Opinion (TCO), 8/24/15, at 3-4 (citations to the record omitted).

Based on this evidence, the court convicted Appellant of the above-stated offenses. On October 22, 2013, he received an aggregate sentence of 6 to 14 years' incarceration.

> On November 21, 2013, [Appellant] filed an untimely, post-trial motion for "Extraordinary Relief," seeking a new trial [on the basis of] the unavailability [at trial] of a favorable witness. On March 20, 2014, the [trial] [c]ourt held an evidentiary hearing to consider [Appellant's] motion. When the [c]ourt inquired at this hearing[] into the nature of [the] witness testimony, [Appellant's] [c]ounsel stated [that] the witness was a family member [of Appellant] who, "Would testify that [Appellant] didn't strike [the] officers…." (N.T., 3/20/2014 p.6). However, when the [c]ourt asked if the witness was present to offer that testimony, [c]ounsel responded that the witness was not present and that [counsel] "didn't have a working [phone] number for him." (N.T., 3/20/2014 p.6). The [c]ourt then asked [Appellant] if he could provide an affidavit to substantiate … what the witness would testify [to if called to the stand]…. Counsel informed the [c]ourt that he did not have such an affidavit. (N.T., 3/20/2014 p.6). At the conclusion of the hearing, the [c]ourt denied [Appellant's] motion and permitted counsel to withdraw. (N.T., 3/20/2014 p.7).

TCO at 6-7.

Appellant did not file a timely notice of appeal from his judgment of sentence. Instead, on September 2, 2014, he filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his direct appeal rights. Counsel was appointed and filed an amended petition. On June 8, 2015, the PCRA court granted Appellant's petition and reinstated his right to file a direct appeal *nunc pro tunc*. The next day, Appellant filed a timely notice of appeal. Appellant also subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b)

concise statement of errors complained of on appeal. On August 24, 2015, the trial court filed a Rule 1925(a) opinion.

Herein, Appellant raises one issue for our review: "Did the trial court abuse its discretion by failing to consider[,] or was trial counsel ineffective for failing to present[,] the newly-discovered testimony of Walter Smith?" Appellant's Brief at 4. In support of this claim, Appellant contends that the trial court erred by denying his motion for a new trial based on the after-discovered evidence of the testimony of Walter Smith. According to Appellant, Smith would have testified that he witnessed the interaction between Appellant and the police officers, and that, during the encounter, Appellant did not strike the officers. *See* Appellant's Brief at 12.

In reviewing Appellant's claim, we apply the following standard:

> When we examine the decision of a trial court to grant a new trial on the basis of after-discovered evidence, we ask only if the court committed an abuse of discretion or an error of law which controlled the outcome of the case. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. If a trial court erred in its application of the law, an appellate court will correct the error.

*Commonwealth v. Padillas*, 997 A.2d 356, 361 (Pa. Super. 2010).

Additionally,

[t]o be granted a new trial … on the basis of after-discovered evidence:

> [The defendant] must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not

- 4 -

merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 597 Pa. 69, 106, 950 A.2d 270, 292 (2008), *cert. denied,* --- U.S. ----, 129 S.Ct. 1378, 173 L.Ed.2d 633 (2009) (quoting *Commonwealth v. Randolph*, 582 Pa. 576, 587, 873 A.2d 1277, 1283 (2005), *cert. denied,* 547 U.S. 1058, 126 S.Ct. 1659, 164 L.Ed.2d 402 (2006)). The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. *See Pagan, supra*; *Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007), *appeal denied,* 598 Pa. 774, 958 A.2d 1047 (2008).

*Padillas*, 997 A.2d at 363.

Here, Appellant fails to prove that the trial court abused its discretion by denying his motion for a new trial based on the ostensibly new evidence of Smith's testimony. First, Appellant did not present Smith as a witness at the evidentiary hearing on March 20, 2014, nor did he produce an affidavit from Smith to verify what his testimony would be. **See** TCO at 6.[1] Instead, at that hearing, defense counsel simply informed the court that Smith "would … testify that [Appellant] didn't strike the officers," which counsel conceded was "contrary to, I believe, six other witnesses." N.T. Hearing,

---

[1] We note that Appellant has attached to his appellate brief an affidavit from Smith. However, that affidavit is not contained in the certified record, and it was not provided to the trial court. Accordingly, we cannot consider it. **See** *Bennyhoff v. Pappert*, 790 A.2d 313, 318 (Pa. Super. 2001) (stating "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case").

3/20/14, at 6. Based on defense counsel's comments, the trial court concluded that Smith's testimony would "merely attempt[] to impeach the testimony of six witnesses[,]" and that "there is little likelihood that the testimony would have changed the outcome of the trial…." TCO at 7. We ascertain no abuse of discretion in the court's decision.

In any event, we also note that Appellant does not specifically explain why he could not have obtained Smith's testimony prior to the conclusion of trial, had he exercised due diligence. Indeed, Appellant acknowledges that defense counsel knew about Smith's existence during trial, and when the court asked if counsel was prepared to call Smith as a witness, counsel replied, "I haven't spoken with him. So I have no idea what he's going to tell me. He just came to me at the break." N.T. Trial, 3/28/13, at 68; **see also** Appellant's Brief at 13. At that point, "[t]he [c]ourt granted a continuance for more than ten days so [Appellant] would have sufficient time to prepare his case and [the] witness before trial resumed." TCO at 6.

> When trial resumed on May 9, 2013, after [Appellant's] request for yet another continuance, [Appellant] presented his case, testifying on his own behalf, but presented no other witnesses. (N.T., 5/9/13 p. 9). Prior to [Appellant's] resting, the [c]ourt inquired of [Appellant] if he ha[d] any other witness[,] to which [c]ounsel replied…[,] "No." (N.T., 5/9/13 p.25).

*Id.*

Appellant claims that "Smith was not presented on the second day of trial on May 9, 2013 because, apparently, his wife was giving birth." Appellant's Brief at 13. Appellant asserts that his trial counsel subsequently

learned the full "content of [Smith's] prospective testimony" and filed the post-sentence motion seeking a new trial. *Id.* at 12. However, Appellant offers no explanation regarding why he, or his attorney, could not have discovered the 'full content' of Smith's testimony prior to the filing of his post-sentence motion for a new trial. Accordingly, Appellant has not proven the first prong of the after-discovered evidence test.

Finally, we point out that Appellant devotes a large portion of his argument to claiming that his trial counsel acted ineffectively by not calling Smith to the stand at trial, or at the evidentiary hearing on Appellant's post-sentence motion. Preliminarily, Appellant did not raise any claim of trial counsel's ineffectiveness in his Rule 1925(b) statement; thus, this argument is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). In any event, even if Appellant's ineffectiveness claim were preserved, we would decline to review it on direct appeal. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA. *Holmes*, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. *See id.* at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both

meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").

In sum, Appellant has not met the four-pronged test for demonstrating that he is entitled to a new trial based on the after-discovered evidence of Smith's testimony. Accordingly, the trial court did not abuse its discretion in denying his post-sentence motion for a new trial. We also decline to review, in this direct appeal, Appellant's waived claim of trial counsel's ineffectiveness.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2016