J-S62042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC TODD AIKEY | |
| Appellant | No. 100 MDA 2016 |

Appeal from the Judgment of Sentence August 10, 2015
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000933-2013

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 10, 2016**

Appellant, Eric Todd Aikey, appeals from the judgment of sentence entered in the Northumberland County Court of Common Pleas, following his jury trial conviction of two counts of corruption of minors and one count each of aggravated indecent assault, statutory sexual assault, unlawful contact with minor, obscenity, indecent exposure, indecent assault, and open lewdness.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In August 2013, Appellant sent Victim sexually suggestive text messages, which acknowledged Victim was underage and stated Appellant's desire to

_____

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 3125(a)(8), 3122.1(b), 6318(a)(1), 5903(c)(1), 3127(a), 3126(a)(8), and 5901, respectively.

have sex with Victim. On August 18, 2013, while Victim and her brother were at Appellant's house, Appellant and Victim engaged in sexual intercourse. Sometime during the evening of August 18, 2013, Appellant also waved his penis in the face of Victim's brother. As a result, the Commonwealth charged Appellant with two counts of corruption of minors and one count each of aggravated indecent assault, statutory sexual assault, unlawful contact with minor, obscenity, indecent exposure, indecent assault, and open lewdness on October 4, 2013.

The court subsequently appointed Attorney Suders to represent Appellant. On March 7, 2014, Attorney Suders asked the court to appoint conflict counsel after Attorney Suders discovered a conflict of interest with one of his other clients. The court then appointed Attorney Schwartz, who filed a Rule 600 motion on June 2, 2014. On June 4, 2014, Attorney Schwartz filed a petition for leave to withdraw as counsel due to a breakdown of communications with Appellant. On June 5, 2014, the court granted Attorney Schwartz's motion, and appointed Attorney Best to represent Appellant. Attorney Best represented Appellant at a Rule 600 hearing on June 26, 2014, which resulted in Appellant's release on nominal bail. Upon release from custody, Appellant regained employment as a welder. Due to his income, Appellant no longer qualified for court-appointed counsel. As a result, at a pre-trial conference on October 3, 2014, the court ordered Appellant to retain private counsel within thirty days. Attorney Best

subsequently filed a motion for a continuance, which stated Appellant needed ninety days to obtain private counsel. The court granted the motion on October 29, 2014, and Attorney Best filed a petition for leave to withdraw as counsel on December 3, 2014.

Over the next few months, the court repeatedly ordered Appellant to obtain private counsel at monthly pre-trial conferences. The court ultimately scheduled trial for the March 2015 term. On March 9, 2015, Appellant asked the court for another continuance to obtain private counsel. The court continued Appellant's trial to the April 2015 term. On April 10, 2015, the next pre-trial conference date, Appellant again asked the court for a continuance to obtain private counsel. The court granted Appellant's request and scheduled the pre-trial conference for May 8, 2015, with jury selection to begin on May 11, 2015, and trial to begin on May 14, 2015. Appellant failed to appear for the May 8, 2015 pre-trial conference or May 11, 2015 jury selection. On May 14, 2015, Appellant showed up for court after the Commonwealth had begun its opening statement and proceeded to represent himself. The jury convicted Appellant of all charged offenses.

After trial, the court ordered Appellant to be taken into custody. As a result, Appellant once again qualified for court-appointed counsel. On August 10, 2015, the court sentenced Appellant to an aggregate term of eight (8) to sixteen (16) years' imprisonment. On August 20, 2015, Appellant filed a counseled post-sentence motion, which asked the court to

grant Appellant a new trial. Specifically, Appellant argued the court violated his constitutional rights when it forced Appellant to proceed with trial without the assistance of counsel. The court held a hearing on the motion on November 23, 2015, where Appellant informed the court that he had been able to save only half the money necessary to obtain private counsel. Appellant also told the court that he gave the money to his brother to help him avoid a home foreclosure. On December 17, 2015, the court denied Appellant's post-sentence motion. Appellant timely filed a notice of appeal on January 11, 2016. On January 12, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on January 29, 2016.

Appellant raises the following issue for our review:

> WHETHER [APPELLANT] FORFEITED HIS RIGHT TO COUNSEL?

(Appellant's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Charles H. Saylor, we conclude Appellant's issue on appeal merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed December 17, 2015, at 1-3) (finding: after Commonwealth charged Appellant, court appointed Attorney Suders to represent Appellant; due to conflict with another client, Attorney Suders withdrew from case, and court assigned Attorney Schwartz to

represent Appellant on March 6, 2014; Appellant dismissed Attorney Schwartz due to disagreements over how to proceed with case, and court assigned Attorney Best to represent Appellant; Attorney Best argued Rule 600 motion, which resulted in Appellant's release from incarceration in June 2014; upon release, Appellant regained employment and no longer qualified for court-appointed counsel; at pre-trial conference on October 3, 2014, court ordered Appellant to obtain private counsel within thirty days; on October 24, 2014, Attorney Best filed motion for continuance, which indicated Appellant needed ninety days to obtain private counsel; court granted motion for continuance, and Attorney Best filed formal petition for leave to withdraw as counsel on December 3, 2014; court subsequently held monthly pre-trial conferences where it repeatedly ordered Appellant to obtain private counsel; court ultimately scheduled jury selection to begin on March 9, 2015; on March 9, 2015, court continued trial to April 2015; on April 10, 2015, court granted Appellant another continuance and relisted case for May 2015 criminal term; Appellant subsequently failed to appear for pre-trial conference on May 8, 2015, and jury selection on May 11, 2015; on May 14, 2015, Appellant arrived late for first day of trial and proceeded to represent himself; importantly, at post-sentence motion hearing on November 23, 2015, Appellant testified that he saved approximately $3,500.00 to secure private counsel; Appellant further testified that he chose to give funds to his brother to help avoid foreclosure on his brother's

home; based on these circumstances, court concluded Appellant's failure to obtain counsel was dilatory tactic; Appellant had means to obtain private counsel in Northumberland County for one day trial; court advised Appellant to obtain private counsel at each monthly pre-trial conference since October 2014; despite court's October 3, 2014 order to obtain private counsel within thirty days, court afforded Appellant at least four additional months to obtain counsel; Appellant cannot forestall Commonwealth's presentation of its case to jury indefinitely; thus, court properly determined Appellant forfeited his right to counsel and proceeded to trial in May 2015).[2] Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2016

---

[2] Nothing in the record indicates that any mandatory minimum sentences were imposed.

COMMONWEALTH OF
PENNSYLVANIA

    vs.

ERIC TODD AIKEY,

           Defendant

:  IN THE COURT OF COMMON PLEAS
:  OF NORTHUMBERLAND COUNTY, PA
:
:
:  CRIMINAL ACTION – LAW
:
:  NO. CR-2013-933
:
:
:
:

## O R D E R

The background of this order is as follows:

Defendant Eric Aikey was convicted of aggravated indecent sexual assault by a jury on May 14, 2015 along with other related offenses. Defendant was sentenced to an aggregate of 8-16 years in a state correctional institution. Defendant filed this post-sentence motion contending his 6th Amendment right to counsel was violated as he neither waived nor forfeited his right to counsel.[1]

It is well established that the 6th Amendment right to counsel is not absolute. *Commonwealth v. Randolph*, 873 A.2d 1277, 1282 (Pa. 2005). "[T]he right of an accused individual to choose his or her own counsel, as well as a lawyer's right to choose his or her clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *Commonwealth v. Lucarelli*, 971 A.2d 1173, 1178 (Pa. 2008). Furthermore, "while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice." *Id.*

The definition of forfeiture of counsel as adopted by the Pennsylvania Supreme Court "does not require that the defendant intend to relinquish a right, but rather may be the result of

---

[1] The Commonwealth concedes Defendant did not waive his right to counsel; thus, only forfeiture of counsel will be discussed. Defendant's post-sentence motion also challenged "the failure to consider his alcoholism as a mitigating factor". However, counsel indicated this issue is no longer being pursued as the sentence imposed was in the standard range.



the defendant's extremely serious misconduct or extremely dilatory conduct." *Lucarelli*, 971 A.2d at 1179 (citing *United States v. Goldberg*, 67 F.3d 1092 (3d. Cir. 1995). The *Lucarelli* court held that "where a defendant's course of conduct demonstrates his or her intention not to seek representation by private counsel, despite having the opportunity and financial wherewithal to do so, a determination that the defendant be required to proceed *pro se* is mandated because that defendant has forfeited his right to counsel". *Lucarelli* at 1179.

The charges were brought on August 22, 2013. Defendant was initially appointed a public defender to represent him. Due to a conflict with another client, the public defender withdrew from the case whereupon on March 6, 2014 Defendant was assigned conflicts counsel. Defendant dismissed conflicts counsel due to disagreements in how to proceed with the case. A third attorney was assigned to Defendant who secured Defendant's release from incarceration on a Rule 600 motion in June 2014. Defendant regained employment on his release and no longer qualified for court-appointed counsel.

This court issued an Order dated October 3, 2014, after a pretrial conference, directing Defendant to obtain private counsel within 30 days. Subsequently on October 29, 2014, Defendant's court appointed attorney filed a trial continuance indicating Defendant needed 90 days to retain private counsel as he did not qualify for a public defender. On December 3, 2014, the court appointed attorney filed a formal petition for leave to withdraw as Defendant was employed as a welder with sufficient income. Pretrial conferences were held monthly at which time Defendant was mandated to promptly obtain private counsel by the undersigned. A pretrial conference was scheduled for March 6th, 2015 with jury selection to commence on March 9th, 2015. On the day of jury selection the case was continued until the next criminal term in April 2015. At Defendant's pretrial conference on April 10, 2015, another continuance was granted to Defendant and the case was relisted for the May 2015 criminal term. Defendant failed to appear

for both his pretrial conference on May 8, 2015 and jury selection on May 11, 2015. Defendant arrived late for his trial on May 14, 2015 and proceeded to represent himself.

It is of particular importance that this court held a hearing on the present motion on November 23, 2015 at which Defendant testified he saved approximately $3,500.00 to secure private counsel but instead chose to give the funds to his brother. In light of Defendant's failure to obtain private counsel despite ample opportunity and financial means to do so, Defendant forfeited his right to counsel. It was evident to the court that Defendant never followed through to obtain counsel as a dilatory tactic. He certainly had the means to obtain private counsel in this county if he had saved up over three thousand dollars, as this was only a one day trial. As noted, he was repeatedly advised by this Court at each monthly pretrial conference since October, 2014, to obtain counsel. A court order dated October 3, 2014, required him to do so within 30 days thereof. He was afforded additional time over the next four months. However, a Defendant cannot forestall the Commonwealth's presentation of its case to a jury indefinitely. Thus, it was proper to proceed with the trial under these circumstances even though Defendant did not have counsel.

Accordingly, this Court enters the following:

## ORDER

AND NOW, this 17 day of December, 2015, upon due consideration of briefs of counsel, Defendant's Post-Sentence Motion for a New Trial is hereby DENIED.

BY THE COURT:

_____
Charles H. Saylor, Judge

cc:   James Best, Esquire, 3 North 2nd Street, Sunbury, PA 17801
      District Attorney
      Tiffanie E. Baldock, Esquire, Law Clerk