J-S48037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR FRANCES NICHOLL, JR., | |
| Appellant | No. 241 MDA 2017 |

Appeal from the Judgment of Sentence November 16, 2016
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0000311-2016

BEFORE:  OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 19, 2017**

Appellant, Arthur Frances Nicholl, Jr., appeals from the judgment of sentence imposed following his jury trial conviction for robbery, conspiracy to commit robbery, theft by unlawful taking, and simple assault.[1] Specifically, he challenges the trial court's denial of his motion for a new trial based on after discovered evidence.  We affirm.

We take the factual and procedural history in this matter from the trial court's March 2, 2017 opinion, and our review of the certified record.

> On October 17, 2016 and October 18, 2016, a jury trial was held in which [Appellant] and his co-defendant, Jacob S. Ochoa, were tried jointly on the charges.  At trial, Mr. Ochoa exercised his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3701(a)(1)(v), 903, 3921(a), and 2701(a)(1), respectively.

right to remain silent, and chose not to testify. On October 18, 2016, a jury found [Appellant] guilty of all counts. On November 16, 2016, [the trial court] imposed the following sentences on [Appellant]: [not less than eighteen nor more than sixty months of imprisonment for robbery and a consecutive sentence of not less than eighteen nor more than sixty months of imprisonment for conspiracy to commit robbery.]

Mr. Ochoa was also sentenced by [the trial court]. At his sentencing hearing, Mr. Ochoa admitted guilt and took full responsibility for the robbery, stating that [Appellant] took no part in the robbery. Mr. Ochoa also stated that another conspirator, who he declined to identi[f]y, was present during the robbery, but that [Appellant] was not that conspirator.

On November 28, 2016, [Appellant] filed an optional post-sentence motion pursuant to Pa.R.Crim.P. 720(B). A hearing on the post-sentence motion was held before [the trial court] on December 27, 2016. . . .

(Trial Court Opinion, 3/02/17, at 2-3) (some capitalization omitted).

On January 30, 2017, the trial court denied Appellant's post-sentence motion, concluding that Appellant failed to meet the elements of the four-prong after-discovered evidence test. (*See id.* at 3-5). This timely appeal followed.[2]

Appellant raises one issue on appeal.

1. Did the trial court err and abuse its discretion when it denied Appellant's Post-Sentence Motion for a New Trial on the basis of after-discovered exculpatory evidence that could not have been obtained by Appellant prior to conclusion of the trial?

_____

[2] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on February 22, 2017. *See* Pa.R.A.P. 1925(b). The trial court entered an order on March 2, 2017 stating that it's January 30, 2017 order and opinion thoroughly addressed Appellant's issue. *See* Pa.R.A.P. 1925(a).

(Appellant's Brief, at 10).

Our standard of review for a trial court's denial of a motion for a new trial is well settled.

> We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. . . . An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*Gbur v. Golio*, 932 A.2d 203, 206–07 (Pa. Super. 2007), *affirmed*, 963 A.2d 443 (Pa. 2009) (citations and quotation marks omitted).

Appellant contends that the trial court erred and he is entitled to a new trial because Mr. Ochoa's statements meet all four prongs of the after-discovered evidence test. (*See* Appellant's Brief, at 15-20). We disagree.

> To obtain relief based on after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. [*See*] *Commonwealth v. Randolph*, 582 Pa. 576, 873 A.2d 1277, 1283 (2005); *Commonwealth v. McCracken*, 540 Pa. 541, 659 A.2d 541, 545 (1995). . . .

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008), *cert denied*, 555 U.S. 1198 (2009); *see Commonwealth v. Solano*, 129 A.3d 1156, 1180 (Pa. 2015) ("As this test is conjunctive, failure to establish one prong obviates the need to analyze the remaining ones.") (citation omitted).

Here, the trial court conceded that Mr. Ochoa's statement would meet the first two prongs of the four-prong test; however, the court concluded that it did not satisfy the third or fourth requirements. (*See* Trial Ct. Op., at 4-5). With regard to the third prong, the court reasoned, "Mr. Ochoa's acceptance of responsibility at sentencing and absolution of [Appellant] would absolutely be used to impeach the credibility of three witnesses, including a third co-defendant, the victim, and a neighbor." (*Id.* at 5).

Furthermore, the court stated that, with regard to the fourth prong, it was

> . . . not persuaded that the admittance of Mr. Ochoa's statement would likely result in a different verdict if a new trial were granted. Given Mr. Ochoa's initial denial of involvement to the police, his late statement accepting full responsibility for the crimes committed is suspect, due in significant part to its self-serving nature. Moreover, while Mr. Ochoa absolved [Appellant] of any responsibility for the underlying crimes, he did state that he was assisted by another individual in his perpetration of those crimes. Mr. Ochoa's failure to thereafter identify this accomplice renders the sincerity of Mr. Ochoa's statements questionable at best. Furthermore, upon consideration of the eyewitness testimony, the testimony of a third co-defendant, and the neighbor, the likelihood of a different verdict in the event of a new trial is made even more unlikely.

(*Id.*). Therefore, the court concluded that Appellant failed to meet the elements of the after-discovered evidence test and, consequently, denied his post-sentence motion for a new trial. (*See id.*).

Upon review, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for a new trial where Appellant failed to prove that Mr. Ochoa's statement was not going to be used as

impeachment evidence and that his statement would likely result in a different verdict. **See Pagan**, **supra** at 292; **Gbur**, **supra** at 206-07. Appellant's issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2017