J-S81026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD JOHN MCGURL, JR. | : | |
| | : | |
| Appellant | : | No. 1137 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 13, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0002107-2016

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                 **FILED: MAY 21, 2019**

Appellant, Harold John McGurl, Jr., appeals from the June 13, 2018

Judgment of Sentence entered in the Schuylkill County Court of Common Pleas

following his jury conviction of one count each of Criminal Attempt to Commit

First-Degree Murder and Recklessly Endangering Another Person, and two

counts each of Aggravated Assault and Simple Assault.[1]  On appeal, Appellant

challenges the sufficiency of the evidence supporting his conviction of Criminal

Attempt to Commit First-Degree Murder.  After careful review, we affirm.

The trial court set forth the facts supporting Appellant's conviction in its

September 17, 2018 Pa.R.A.P. 1925(a) Opinion.  In sum, the Commonwealth

charged Appellant with the above crimes after Appellant attacked the victim,

---

[1] 18 Pa.C.S. §§ 901(a)–2502(a); 2705; 2702(a)(1); 2702(a)(4); 2701(a)(2);
and 2701(a)(3), respectively.

---

*   Former Justice specially assigned to the Superior Court.

Jordan Adams (the "Victim"), in the early morning hours of October 8, 2016. The Victim is the brother of Shawn Parker; Shawn Parker and Brittany Fenstermacher, Appellant's ex-girlfriend, were dating at the time of the incident.

On the day of the attack, Appellant met Fenstermacher in a public park where they shared a six-pack of beer. They then went to a bar called the Drunken Monkey. While at the bar, Parker called and texted Fenstermacher numerous times. As the evening progressed, Appellant became more and more belligerent and obnoxious and announced that he planned to get into a fight with Parker. Before leaving the Drunken Monkey, Krystal Semerod, a bar patron, gave Appellant, at Appellant's request, a knife.

After Appellant and Fenstermacher left the Drunken Monkey to walk home, Appellant saw the Victim driving the car that Appellant had observed Parker and Fenstermacher driving in earlier that day. The Victim parked and exited the car not far from where Appellant and Fenstermacher were standing. When the Victim turned around, he saw Appellant holding a knife above his head. Appellant asked the Victim if he was Parker's brother; the Victim answered in the affirmative; and Appellant informed the Victim that Appellant was going to "end" the Victim.

Appellant proceeded to attack the Victim with the knife, slashing at his head, neck, and face. The victim fought back and Appellant then stabbed him in multiple parts of his body, including his tricep, bicep, and shoulder.

When the Victim arrived at the emergency room, he was in hemorrhagic shock due to blood loss. The Victim received intravenous therapy and blood transfusions and doctors performed emergency surgery on him. The Victim survived, but continues to have limited mobility in his arm.

Appellant's two-day jury trial commenced on April 2, 2018, following which the jury convicted him of the above charges. On June 13, 2018, the trial court sentenced Appellant to an aggregate term of 10-20 years' incarceration and ordered him to pay $76,363.63 in restitution for the Victim's medical expenses. Appellant did not file a Post-Sentence Motion. This timely appeal followed.[2]

On appeal, Appellant challenges the sufficiency of the evidence in support of his Criminal Attempt to Commit First-Degree Murder conviction. Appellant's Brief at 13.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017)(internal quotation marks and citation omitted). "Further, a conviction may be sustained wholly on

_____

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

Under the Crimes Code, a defendant "commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

"A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S. § 2501. "The use of a deadly weapon on a vital part of the human body is sufficient to establish the specific intent to kill." *Commonwealth v. Randolph*, 873 A.2d 1277, 1281 (Pa. 2005). "A person may be convicted of attempted murder if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act.'" *Commonwealth v. Dale*, 836 A.2d 150, 153 (Pa. Super. 2003) (citations omitted). *See* 18 Pa.C.S. §§ 901, 2502.

Appellant avers that the Commonwealth failed to prove that he had the specific intent to kill the Victim because: (1) the Victim was not only an active participant in the altercation, but was, in fact, the aggressor; and (2) the Victim admitted that, at the time of the altercation, he had been under the influence of, among other things, methamphetamine, "which impacted [the

Victim's] ability to recollect the events and most likely impacted his behavior that night." Appellant's Brief at 14-15.

In its Rule 1925(a) Opinion, the trial court explained the basis for its conclusion that the Commonwealth presented sufficient evidence to sustain Appellant's Criminal Attempt to Commit First-Degree Murder conviction. The court explained as follows:

> The evidence read in the light most favorable to the Commonwealth, the verdict winner, establishes that [Appellant] was angry with Parker, [Appellant's] ex-girlfriend's new boyfriend with whom the woman lived. [Appellant] drank alcohol with Fenstermacher much of the day and evening while at a park and then at the Drunken Monkey. He became belligerent the more he drank. At one point he took Fenstermacher's phone when Parker called her and told Parker to get out of the home he shared with Fenstermacher or [Appellant] was going to get him out. [Appellant] asked a woman at the bar, Semerod, for one of the pocket knives hanging on her purse because he said he was getting into a fight with someone who had a gun.
>
> Upon seeing the car that Parker and Fenstermacher had been in earlier in the day drive by him after leaving the bar, [Appellant] told Fenstermacher that there was the "M…F…" Moments thereafter, [the Victim] got out of the vehicle, [Appellant] stated that [Appellant] was going to "end" the Victim], raised the knife above his head and swung it down at the Victim's] head and face. [The Victim] backed up but [Appellant] came at him again slashing [The Victim's] face and head with the knife. After kicking and then tripping [Appellant], the men fought[,] with [the Victim] sustaining numerous knife wounds to his body. The hat [the Victim] wore had been sliced through the brim – the location coinciding with [Appellant's] initial knife strikes. The shirt [the Victim] wore was sliced and tattered and stained significantly by blood. [The Victim] suffered life[-]threatening injuries from the incident. Under the circumstances, including [Appellant's] actions and statements [in] the early morning of October 8, 2016, the jury had [a] sufficient basis to find [Appellant] had formed the requisite intent and took a substantial step toward killing [the Victim].

Trial Ct. Op., 9/17/18, at 7-8 (unpaginated).

Following our review of the record, we agree with the trial court that, when viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence presented by the Commonwealth was sufficient for the jury to reasonably conclude that Appellant had the specific intent to commit First-Degree Murder. As demonstrated by his actions, which occurred after he announced that he intended "to end" the Victim, Appellant took substantial steps toward the commission of that offense, which resulted in the Victim's near-fatal blood loss and permanent injury. Accordingly, Appellant is not entitled to relief on this claim.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019