J-A04045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :               PENNSYLVANIA
                        :
            v.                :
                        :
                        :
REGINALD BRYANT           :
                        :
          Appellant     :    No. 3371 EDA 2019

Appeal from the PCRA Order Entered September 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1206841-1997,
CP-51-CR-1206851-1997

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               Filed: May 13, 2021

Reginald Bryant (Bryant) appeals the order of the Court of Common Pleas of Philadelphia County (PCRA court) denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  He argues that the PCRA court erred in denying his after-discovered evidence claim that a recently obtained ballistics report would have been exonerating.  We affirm.[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error."  ***Commonwealth v. Weimer***, 167 A.3d 78, 81 (Pa. Super. 2017).

**I.**

Bryant was convicted of first-degree murder, third-degree murder and other related offenses in 2001 following a jury trial.[3] He was sentenced to a prison term of life as to the first-degree murder count and an aggregate term of 17.5 to 35 years on the remaining offenses. The facts adduced at the trial were summarized by this Court as follows:

> In the summer of 1997 [Bryant and his co-defendant Lamont Taylor] were dealing drugs in the one hundred block of North 62nd Street in West Philadelphia. Leonard Wright (aka "Patrick") moved into their territory and began selling drugs out of Allen Gibson and Madeline Carter's residence on 121 North 62" Street. On July 25, 1997, Taylor entered this house with a gun strapped to his waist and threatened Carter with harm if she did not stop selling drugs. She screamed to the neighbors that Taylor was there and that if she was killed, he was the perpetrator.
>
> Several hours later, Taylor returned to the house with [Bryant] in order to prevent Patrick, Gibson, and Carter from moving in on their drug operation. Upon entering the house, they demanded to see Patrick, who eventually came downstairs to talk with them. He and [Bryant and Taylor] got into a heated argument over his right to sell drugs in the neighborhood. [Bryant] told Taylor to "bust him" (kill him), and both [Bryant and Taylor] began shooting at Patrick. Gibson immediately shielded Carter until they could safely duck behind a living room sofa. Patrick returned fire, but sustained a gunshot wound to his chest. [Either Bryant or Taylor's] bullets also struck and killed Charles Sipes, a friend of Gibson and Carter who was visiting at the time.
>
> [Bryant and Taylor] fled the scene and sped off in a white Lexus owned by [Bryant's] sister. Patrick told Gibson to hide his gun in the basement, and then he staggered off the front porch in time

---

[3] We decide this appeal in conjunction with Bryant's related matter at appellate docket number 3370 EDA 2019, which arises from the same underlying facts and legal issues.

to see [Bryant and Taylor] enter the car and drive off. He told police that two black men shot him and drove off in the "white Lexus." Katrese Watts, a neighbor, confirmed Patrick's statement and identified [Bryant and Taylor] as the men who forcibly entered the house before gunfire erupted.

On August 3, 1997, just a week after the shooting, Carter told a homicide detective that ... Taylor had threatened her earlier in the day on July 25th and that both [Bryant and Taylor] later shot Sipes and Patrick. She told the detective that she was afraid [Bryant and Taylor] would retaliate against her for talking to the police. Carter did not return home until approximately 3 a.m. the following morning. Gibson was still awake and accompanied her into the kitchen. About five to ten minutes later, someone knocked on the door and Carter went to answer it. [Bryant and Taylor] pushed their way into the house, knocked [Carter] down, and then shot her in the chest. They proceeded to pour gasoline over her paralyzed body and light her and the entire house on fire.

Taylor turned himself into police, and [Bryant] was arrested at his residence on September 23, 1997. A search of [Bryant's] residence yielded the key to a safe containing a loaded .40 caliber Smith and Wesson handgun, a large quantity of heroin, and $2,200.

*Commonwealth v. Bryant*, 1151 EDA 2001 (Pa. Super. Sept. 13, 2002)

(unpublished memorandum) (affirming judgment of sentence).

Bryant was charged with the murder Sipes and Carter, but the ballistics expert who testified at trial could not link those shootings with the weapon found in Bryant's safe. The jury found Bryant guilty of first-degree murder, third-degree murder, arson, aggravated assault, conspiracy and possession of an instrument of crime. Bryant appealed and this Court affirmed the judgment of sentence. *See id*.

Bryant's first PCRA petition was denied in 2015 and the denial was affirmed by this Court in 2017. *See Commonwealth v. Bryant*, 2455 EDA

- 3 -

2015 (Pa. Super. Dec. 2, 2016) (unpublished memorandum). On March 9, 2018, Bryant moved to retest the .40 caliber firearm found in his safe, as well as projectiles and cartridge casings found at the scenes of the subject incidents. The motion was granted, and in a supplemental PCRA petition, Bryant cited the results of the new testing, which purported to prove that the .40 caliber firearm was not a murder weapon.

The PCRA court sent timely notice to Bryant that it would be finding that his most recent PCRA petition was without merit. **See** Pa.R.Crim.P. 907. Bryant responded to the notice and the petition was summarily denied. A timely notice of appeal was filed[4] and the PCRA court submitted a 1925(a) opinion outlining why the denial of relief should be affirmed. **See** 1925(a) Opinion, 4/21/2020, at 6-10.

As to Bryant's claim that the ballistics report would have reasonably altered the outcome of his trial had it been introduced, the PCRA court found that it had no merit.[5] At trial, the Commonwealth presented no direct evidence that the .40 caliber weapon taken from Bryant's safe was used to kill

_____

[4] Bryant filed two notices of appeal, each of which were captioned with two related case numbers that appear on the PCRA court's order denying relief. These notices comported with Pa.R.A.P. 341. **See generally Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc* panel holding that identical notices of appeal with multiple docket numbers are sufficient as long as a separate notice is filed at each docket number).

[5] Bryant had asserted additional claims of after-discovered evidence which he does not raise in this appeal. Accordingly, the scope of our review is limited to the sole issue that appears in the briefing.

either of the victims. Rather, a ballistics expert only testified that the weapon could not definitely be excluded as the murder weapon. More importantly, the PCRA court found that the new ballistics report would not at all have diminished the weight of the substantial evidence linking Bryant to the two murders, including the testimony of several eyewitnesses.

## II.

A PCRA petition must be filed within one year from the date that the judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b); *see also* U.S.Sup.Ct.Rule 13.1 (allowing 90 days for the filing of a writ of certiorari in the Supreme Court of the United States). The PCRA enumerates three exceptions to this jurisdictional time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To successfully assert the after-discovered evidence exception of subsection (ii) above, a petitioner must satisfy 42 Pa.C.S. § 9543(a)(2)(vi) which requires a showing that these new facts constitute "exculpatory

evidence" that "would have changed the outcome of the trial if it had been introduced." ***Commonwealth v. Palmer***, 814 A.2d 700, 706 (Pa. Super. 2002) (quoting 42 Pa.C.S. §9543(a)(2)(vi)). Moreover, the petitioner must file the claim within one year from the date that it could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).

> A petitioner must then prove that such evidence:
>
> (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted.

***Commonwealth v. Randolph***, 873 A.2d 1277, 1283 (Pa. 2005) (quoting ***Commonwealth v. McCracken***, 659 A.2d 541, 545 (Pa. Super. 1995)). If any of these elements cannot be established, the after-discovered evidence claim must be denied. ***See Commonwealth v. Pagan***, 950 A.2d 270, 292-93 (Pa. 2008).

## III.

First, Bryant's claim is time-barred. He filed his second PCRA petition well over ten years after the date on which his judgment of sentence became final. In that petition, Bryant relied on a ballistics report obtained in 2018. The petition was untimely and he cannot satisfy the after-discovered evidence exception to the PCRA's jurisdictional time-bar because he did not exercise "reasonable diligence" in obtaining the ballistics report.

Bryant's trial was in 2001 and his judgment of sentence became final in 2003. He had roughly until the end of 2004 to petition for PCRA relief, but did not initially move for further ballistics testing until eight years later, in 2012, and the motion was never ruled on. These efforts were not resumed until 2018, with the filing of a renewed request, which was granted. However, Bryant has given no explanation for why he could not seek, much less obtain, this evidence earlier – either in time for his trial, within a year from the judgment of sentence, or even a year from the date he first filed his motion for further testing in 2012. Although the first motion was apparently never ruled upon, it was still incumbent on Bryant to demonstrate that he was reasonably diligent at all relevant times. He has not done so.

Even if Bryant's claim could satisfy an exception to the PCRA's jurisdictional time-bar, no relief would be due. The claim fails on the merits because the ballistics report is not reasonably likely to have affected the outcome of his jury trial. Numerous witnesses identified Bryant at trial as one of the perpetrators who shot the two decedents. No direct evidence was introduced showing that Bryant's .40 caliber firearm was the weapon used in the shootings. Thus, the ballistics report showing that Bryant's .40 caliber weapon did not match the murder weapon does little to exculpate Bryant or undermine the incriminating evidence admitted at trial. His petition was properly denied.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/21