## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 595 EAL 2015

        Petitioner

        v.

EDMOND JACKSON,

        Respondent

: Petition for Allowance of Appeal from
: the **Unpublished Memorandum and**
: **Order** of the Superior Court at No. 2527
: EDA 2014 entered on September 14,
: 2015, **vacating and remanding** the
: Order of the Philadelphia County Court
: of Common Pleas at Nos. CP-51-CR-
: 0305882-2005 and CP-51-CR-0603441-
: 2005 entered on August 15, 2014

## ORDER

**PER CURIAM**

**AND NOW**, this 2nd day of May, 2016, upon review of the Commonwealth's Petition for Allowance of Appeal, we find as follows: The Superior Court reversed the Post Conviction Relief Act ("PCRA") court denying Respondent collateral relief, and remanded, finding the PCRA court should have granted Respondent an evidentiary hearing on his after-discovered evidence claim based on criminal charges filed against a trial witness. However, to be entitled to relief based upon an after-discovered evidence claim, a petitioner must, *inter alia*, establish that the proposed after-discovered evidence is "producible and admissible." Commonwealth v. Smith, 540, A.2d 246, 263 (Pa. 1988). Here, Respondent's after-discovered evidence is inadmissible because the evidence consists only of criminal charges against a witness, not convictions. See Commonwealth v. Taylor, 381 A.2d 418, 419 (Pa. 1977) ("[t]he veracity of a witness may not be impeached by evidence of prior arrests which have not led to convictions"). The Superior Court thus erred in reversing the PCRA court order on this basis, and in

remanding for an evidentiary hearing. Accordingly, the Petition for Allowance of Appeal is **GRANTED**, the order of the Superior Court is **REVERSED**, and the PCRA court's order denying collateral relief on the basis of after-discovered evidence is **REINSTATED**.

Chief Justice Saylor dissents.