J-S45044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JULIUS BALLOW, | : | |
| | : | |
| Appellant | : | No. 3158 EDA 2016 |

Appeal from the PCRA Order September 9, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0808251-2005

BEFORE: GANTMAN, P.J., PANELLA, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 21, 2017**

Julius Ballow (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history as follows.

> On July 17, 2009, Appellant was sentenced to an aggregate sentence of 78 to 192 months [of] incarceration after being found guilty of possession with intent to deliver a controlled substance and possession of drug paraphernalia by the Honorable Christopher Wogan and a jury. Post[-]sentence motions were denied[,] and the judgment of sentence was affirmed by the Superior Court on November 15, 2010. [**Commonwealth v. Ballow**, 22 A.3d 1069 (Pa. Super. 2010) (unpublished memorandum)]. Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court[,] and his judgment of sentence became final on or about February

---

* Retired Senior Judge assigned to the Superior Court.

15, 2011. On April 10, 2014, Appellant filed the instant first PCRA petition, and PCRA counsel was appointed.[1] On October 1, 2014, counsel filed an amended petition claiming that Appellant was entitled to a new trial based upon the after-discovered evidence that police officer Michael E. Spicer, who testified as an expert in the field of narcotics and narcotics packaging at Appellant's trial, was one of several officers from the Narcotics Field Unit indicted and charged with misconduct and corruption. Officer Spicer was not involved in Appellant's arrest. On May 18, 2016, the Commonwealth filed a motion to dismiss asserting that Appellant failed to plead and prove his entitlement to relief, and that evidence of the indictment of Officer Spicer, even if found to be admissible at trial, does not meet the criteria for after-discovered evidence as it would be used solely to impeach the officer's credibility. The [PCRA court] reviewed the submissions of counsel and the controlling law and determined that Appellant was not entitled to relief on his claim. On September 9, 2016, following proper notice, Appellant's petition was formally dismissed. This [timely-filed] appeal followed.[2]

PCRA Court Opinion, 12/30/2016, at 1-2 (certain capitalization altered and footnote omitted).

On appeal, Appellant asks us to decide whether the PCRA court erred by not holding an evidentiary hearing based upon Appellant raising issues of material fact in his petition. Appellant's Brief at 7.

The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief,

---

[1] The record does not reveal what date counsel was appointed.

[2] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 2 -

or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Roney***, 79 A.3d 595, 604–05 (Pa. 2013) (citations and quotations marks omitted).

Assuming *arguendo* that Appellant's PCRA petition was timely-filed,[3] Appellant has not raised a genuine issue of material fact that would entitle

---

[3]    The timeliness of Appellant's petition is questionable. Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that a timeliness exception is met, and raises that claim within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1), (2). Neither the PCRA nor this Court has jurisdiction unless the petition is timely-filed or meets an exception. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011).

Appellant filed his petition over three years after his judgment of sentence became final. Thus, his petition is facially untimely, and the PCRA court had no jurisdiction to entertain it unless he pled and offered to prove one or more of the three statutory exceptions to the time-bar. 42 Pa.C.S. § 9545(b)(1). Appellant alleged the filing of his petition was timely, based on the newly-discovered-fact exception to the PCRA time-bar. Amended PCRA Petition, 10/1/2014, at ¶7. Specifically, he avers that his discovery of Officer Spicer's corruption is a newly-discovered fact, and he filed his petition within 60 days of discovering that fact. ***Id.***

The PCRA court determined that Appellant did not meet his burden in pleading the requisite elements of the PCRA exception for newly-discovered facts. To meet the requirements of section 9545(b)(1)(ii), the petitioner must first allege and offer to prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). Additionally, to fit within the newly-discovered-fact exception to the PCRA time bar, Appellant's petition identifying that new fact needed to be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2). As the PCRA court observed, Appellant baldly asserts that he brought his claim within sixty days of learning about Officer Spicer's alleged corruption, but he does not indicate in the petition when or how he became aware of Officer Spicer's alleged corruption or indictment. Since Appellant

him to PCRA relief on the basis of after-discovered evidence. To obtain relief on an after-discovered evidence claim, a petitioner must establish that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. Washington***, 927 A.2d 586, 595–96 (Pa. 2007).

Appellant's claim fails for several reasons. Appellant's amended petition relies upon Officer Spicer's arrest for charges of corruption. Amended Petition, 10/1/2014, at ¶ 7(2). However, a mere charge cannot serve as admissible evidence because it does not equate to proof of Officer Spicer committing a crime.[4] ***Commonwealth v. Jackson***, 158 A.3d 64 (Pa. 2016) (*per curiam*) (reinstating PCRA court's order denying collateral relief without a hearing because purported after-discovered evidence consisted of only criminal charges against a witness, not convictions, citing ***Commonwealth v. Taylor***, 381 A.2d 418, 419 (Pa. 1977) ("[t]he veracity of a witness may not be impeached by evidence of prior arrests which have not led to convictions")); ***see also Commonwealth v. Griffin***, 137 A.3d

_____

does not specify when he learned about Officer Spicer's alleged corruption in his amended petition, he fails to establish that he filed his amended petition within 60 days of the date the claim could have been presented.

[4] Indeed, according to the Commonwealth, by the time it filed its motion to dismiss Appellant's amended PCRA petition, a federal jury had acquitted Officer Spicer.

605, 609 (Pa. Super. 2016) (holding that an indictment is not evidence of an accused's guilt because it is a mere accusation).

Second, we agree with the PCRA court that Appellant would be using the allegations about Officer Spicer solely to attack Officer Spicer's credibility for impeachment purposes, failing the third prong of the test. Notwithstanding Appellant's protestations to the contrary in his brief, Appellant admits as much in his petition, averring that "the honesty and credibility of this corrupt police officer was not revealed to the jury and cannot be trustworthy." Amended PCRA Petition, 10/1/2014, at ¶5.

Finally, the allegations against Officer Spicer do not have a nexus to Appellant's case. Appellant does not allege that his case was identified in the indictment, and the acts alleged in the indictment did not occur until after Appellant's arrest. *See* PCRA Court Opinion, 12/30/2016, at 4. As the PCRA court points out, Officer Spicer was not involved in Appellant's arrest; his "expert opinion that the drugs, money and packaging confiscated from [A]ppellant demonstrated that the drugs were intended for sale rather than personal use[] was based upon the evidence presented to him by the arresting officer." *Id.* at 5. Therefore, we agree with the court's conclusion that even if the jury knew about Officer Spicer's alleged misconduct in unrelated matters, it would be unlikely for the jury to render a different verdict.

Based on the foregoing, we hold that the PCRA court did not abuse its discretion in dismissing Appellant's petition without a hearing.

Order affirmed.

Judge Panella joins.

PJ Gantman concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017