J-S16014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDMOND JACKSON :
:
Appellant : No. 2167 EDA 2018

Appeal from the PCRA Order Entered June 8, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0305882-2005,
CP-51-CR-0603441-2005

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED APRIL 22, 2020**

Edmond Jackson ("Appellant") appeals from the Order entered June 8, 2018, denying his second Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Based on **_Commonwealth v. Walker_**, 185 A.3d 969 (Pa. 2018), we must quash this appeal.

After a bench trial, the trial court convicted Appellant of two counts of attempted murder, seven counts of aggravated assault, conspiracy, and violation of the Uniform Firearms Act in connection with a shooting incident that occurred in October 2004. On July 21, 2006, the court sentenced him to an aggregate term of 13½ to 27 years' incarceration. This Court affirmed his Judgment of Sentence and the Pennsylvania Supreme Court denied allocatur. **_Commonwealth v. Jackson_**, 955 A.2d 441 (Pa. Super. 2008), _appeal denied_, 967 A.2d 958 (Pa. 2009).

Appellant filed his first PCRA Petition in 2010, asserting ineffective assistance of counsel claims, challenging the legality of his sentence, and alleging he was entitled to a new trial based on after-discovered evidence, *i.e.*, the arrest of a witness in his case, Detective Ronald Dove, on charges of misconduct in an unrelated case. The PCRA court dismissed the petition without a hearing, and Appellant appealed to this Court. In an unpublished Memorandum, this Court affirmed in part and vacated and remanded in part, concluding that Appellant was entitled to a hearing on the after-discovered evidence claim. ***Commonwealth v. Jackson***, No. 2527 EDA 2014 at 28 (Pa. Super. filed Sept. 14, 2015). The Commonwealth appealed to the Pennsylvania Supreme Court. In a *per curiam* Order, the Supreme Court reversed and reinstated the dismissal of the Petition after concluding Appellant was not entitled to a hearing because an arrest is not "producible and admissible" evidence. ***Commonwealth v. Jackson***, 158 A.3d 64 (Pa. 2016) (*per curiam*) (citing ***Commonwealth v. Taylor***, 381 A.2d 418, 419 (Pa. 1977) ("[t]he veracity of a witness may not be impeached by evidence of prior arrests which have not led to convictions").

On June 20, 2017, Appellant filed the instant second Petition, again asserting a claim of after-discovered evidence, *i.e.*, an April 2017 newspaper article reporting Detective Dove's guilty plea in the unrelated case. The PCRA court dismissed the Petition on June 8, 2018.

On June 28, 2018, Appellant appealed *pro se*, filing a single Notice of Appeal listing two criminal docket numbers.[1]  However, on June 1, 2018, our Supreme Court had disapproved of the common practice of filing a single notice of appeal from an order or judgment involving more than one docket number.  **See generally Walker**, **supra**.  The Court observed that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket."  **Walker**, 185 A.3d at 977.  Accordingly, the Court determined, "[t]he failure to do so requires the appellate court to quash the appeal."  **Id.**

In this case, Appellant filed a single Notice of Appeal from the Order entered at two separate docket numbers.  Appellant's appeal postdates the **Walker** decision.  Accordingly, we are constrained to quash this appeal.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 4/22/2020*

---

[1] For unknown reasons, this Court did not receive the trial court record until September 3, 2019.