J-S24028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH BRUNNER | : | |
| | : | |
| Appellant | : | No. 1825 EDA 2021 |

Appeal from the PCRA Order Entered August 13, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003741-2015

BEFORE: PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 7, 2022**

Joseph Brunner appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review, we affirm.

On November 14, 2014, at around 4:45 a.m., Philadelphia Police Officer Jacob Hollis responded to a shooting at the home of Bonita Yates in West Philadelphia. Present in the house were Yates and her friend, John Cox. Yates explained to Officer Hollis that Brunner, whom she knew as "Joe-Joe," attempted to break into the house with an accomplice. When Yates and Cox tried to close the door on the two individuals, the accomplice shot Cox in the elbow.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

1

Later that morning, Yates spoke to Detective Mary Kuchinsky of the Southwest Detective Division. Yates provided a statement, explaining that Brunner came to her house to rob her because she was expecting money from a legal settlement. Her statement to Detective Kuchinsky was consistent with her statement of events to Officer Hollis. Additionally, Detective Kuchinsky noted that Yates was coherent during the interview and did not appear to be under the influence of any drugs or alcohol. After Detective Kuchinsky read the statement aloud, Yates confirmed its accuracy and signed and dated each page.

At trial, however, Yates testified that she did not remember giving any statements, nor did she have any memory of the events related to the break-in. She attributed her memory loss to the effects of drinking on the night of the incident, while also taking medication for her bipolar schizophrenia. Yates, nonetheless, testified that the signature on her statement was authentic. Therefore, the trial court allowed the statement to be read into the record as a prior inconsistent statement. The court reasoned that Yates "probably was intimidated" to testify to the events at trial because Brunner was calling people from prison telling them to go out and find Yates and Cox. N.T. Trial, 4/14/16, at 82.

On April 14, 2016, following a non-jury trial, the trial court convicted Brunner of aggravated assault,[2] conspiracy to commit murder,[3] possessing an

---

[2] 18 Pa.C.S.A § 2702.

[3] *Id.* at § 903.

instrument of crime,[4] robbery,[5] and burglary.[6]  On July 21, 2016, the court sentenced Brunner to an aggregate term of twelve to twenty-five years of imprisonment, followed by ten years of probation.  Brunner did not file post-sentence motions.

On August 2, 2016, Brunner filed a notice of appeal to this Court.  On October 31, 2016, we dismissed the appeal for failure to comply with Pa.R.A.P 3517 (requiring submission of completed docketing statement and providing for dismissal of appeal for failure to do so).  On February 3, 2017, Brunner filed his first PCRA petition, *pro se*, and his direct appeal rights were subsequently reinstated, *nunc pro tunc*, on March 13, 2018.  On March 15, 2018, Brunner filed a notice of appeal, *nunc pro tunc*, to this Court; we affirmed the judgment of sentence on June 5, 2019.[7]  On June 19, 2019, Brunner filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on October 1, 2019.[8]

On August 28, 2020, Brunner filed his second *pro se* PRCA petition. William A. Love, Esquire, was appointed as counsel and filed the instant amended PCRA petition on December 15, 2020.  On August 13, 2021, the

---

[4] ***Id.*** at § 907.

[5] ***Id.*** at § 3701.

[6] ***Id.*** at § 3702.

[7] ***Commonwealth v. Brunner***, 219 A.3d 212 (Pa. Super. 2019) (Table).

[8] ***Commonwealth v. Brunner***, 218 A.3d 393 (Pa. 2019) (Table).

PCRA court dismissed the petition for lack of merit. The instant appeal followed. Both Brunner and the PCRA court have complied with Pa.R.A.P. 1925.

Brunner raises the following issues on appeal:

1. Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, [] Brunner's PCRA claim that trial counsel was ineffective because he failed to investigate and effectively cross examine [] Bonita Yates, when such failure caused [] Brunner prejudice and would have changed the outcome of the trial[?]

2. Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, [] Brunner's PCRA claim that new evidence has come to light regarding the witness [] Bonita Yates which would have changed the outcome of the trial[?]

Brief for Appellant, at 6.

It is well-settled that the standard of review on appeal from the denial of PCRA relief is limited to "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (citation omitted). Our "scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). The PCRA court's credibility determinations that are supported by the record are binding. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011). Nevertheless, we "appl[y] a *de novo* standard of review to the PCRA court's legal conclusions." *Id.* Further, there is no

absolute right to a PCRA hearing, and we review a dismissal "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa. Super. 2015) (en banc) (citation omitted).

First, Brunner raises an ineffective assistance of counsel claim, arguing that his trial counsel improperly cross-examined Yates. Brunner contends that his trial counsel should have asked Yates about her use of crack cocaine at the time of the incident because this would have undermined the credibility of her statements as a witness and victim of the crime. Brunner bases this contention on a statement Cox made to police, stating that Yates was on drugs at the time of the incident.[9]

A court reviewing an ineffectiveness claim must presume that counsel performed effectively. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987); *Strickland v. Washington*, 466 U.S. 668, 691 (1984). The defendant bears the burden of proving otherwise, and this burden never shifts. *Commonwealth v. Cross*, 634 A.2d 173, 175 (Pa. 1993). In order to overcome this presumption, the defendant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or

---

[9] Cox told police, "[Yates] came in the room with her friend. She [was] on drugs." Investigation Interview Record of John Cox, 11/14/14, at 1. A responding police officer explained that Cox told him on the way to the hospital that "[Yates] and [Brunner] were in the kitchen smoking crack." Investigation Interview Record of P/O Turk, 11/14/14, at 1.

inaction; and (3) the defendant suffered prejudice because of counsel's action or inaction. **Pierce**, 527 A.2d at 975-76. If a defendant fails to satisfy any of the three prongs of the ineffectiveness inquiry, his claim fails. **Commonwealth v. Brown**, 196 A.3d 130, 150-51 (Pa. 2018).

Instantly, Brunner's ineffectiveness claim is without merit because he fails to establish that the failure of trial counsel to cross-examine Yates about her suspected crack use caused him to suffer actual prejudice. **See Pierce**, 527 A.2d at 976. Yates had already testified that, on the night of the incident, she drank alcohol and consumed various medications for her bipolar schizophrenia, which caused significant impairment. N.T. Trial, 4/14/16, at 37-38. Yates further testified that she had **no recollection of the incident at all**. **Id.** at 20-21. Accordingly, it cannot be said that cross-examination regarding crack cocaine use would likely have changed the outcome of the proceedings; therefore, prejudice cannot be shown. **See id.** at 974-75 (noting defendant must demonstrate actual prejudice by showing there is reasonable probability that, but for counsel's alleged error, verdict would have been different).

Additionally, at trial, the trial court stated, "I believe the detective. The detective said she spoke to the complainant that night and she gave a lucid account of what took place." N.T. Trial, 4/14/16 at 81-82. Indeed, Detective Kuchinsky testified that Yates was coherent at the time of her interview. **Id.** at 59-61. Detective Kuchinsky further testified that she always asks a witness if he or she is under the influence of drugs or alcohol, and if the witness

6

answers affirmatively or appears to be in any way impaired, she will not proceed with the interview. *Id.* Thus, because the trial court's credibility determinations of Detective Kuchinsky are binding on this Court, trial counsel's cross-examination of Yates regarding the crack cocaine usage would not have changed the outcome of the trial. *See Spotz*, 18 A.3d at 259; *Commonwealth v. McCracken*, 659 A.2d 541 (Pa. 1995) (citation omitted) (We "defer to the credibility determinations made by the trial court . . . [because it] had the opportunity to observe the demeanor and hear the testimony of the witnesses.").

In sum, there is no reasonable probability that counsel's failure to cross-examine Yates regarding her crack use "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii) (noting standard for ineffective assistance of counsel). Therefore, the PCRA court did not err in denying the ineffective assistance of counsel claim.

Second, Brunner raises an after-discovered evidence claim, asserting that in 2019, he discovered that Yates had a prior criminal case that was filed two months prior to the events in the instant matter. Brunner argues that evidence of that case would have undermined Yates' credibility as a witness and changed the outcome of his trial. According to Brunner, he received a letter from appellate counsel referencing this prior matter, which was *nolle prossed* prior to the trial in the instant matter. Brunner also alleges that Cox told him that the prior case "involves an accusation that [] Yates approached

and assaulted a stranger after hallucinating that the stranger had stolen money from her." Amended PCRA Petition, 12/15/20, at 4.

To obtain relief based upon a claim of after-discovered evidence, defendant bears the burden of proving that the allegedly new evidence: (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted. ***Commonwealth v. Randolph***, 873 A.2d 1277, 1283 (Pa. 2005). The test is conjunctive: if the appellant fails to meet even one of its elements, relief must be denied. ***Commonwealth v. Pagan***, 950 A.2d 270, 292-93 (Pa. 2008). Additionally, the proposed new evidence must be producible and admissible at the new trial. ***Commonwealth v. Castro***, 93 A.3d 818, 825 (Pa. 2014).

Instantly, Brunner has failed to meet his burden because the evidence he allegedly discovered is inadmissible. Under Pennsylvania Rule of Evidence 608(b), "the character of the witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct." Pa.R.E. 608(b)(1). The only exception is where the witness "has been **convicted** of a crime, whether by verdict or by plea of guilty or *nolo contendere*, . . . [and] it involved dishonesty or false statement." Pa.R.E. 609(a) (emphasis added). Here, Yates was never convicted of a crime with respect to the prior criminal case; the charges were

8

*nolle prossed* and disposed of prior to the instant trial.[10]  Moreover, the crime of assault is not a *crimen falsi* offense; as such, it would not have been admissible even had she been convicted.  **See Commonwealth v. Hall**, 867 A.2d 619 (Pa. Super. 2005) (noting conviction for aggravated assault is crime of violence, not of falsity or deceit; since it does not reflect upon one's veracity, it could not have been used to impeach witness's testimony).

Because Brunner's after-discovered evidence claim is meritless, the PCRA court did not err in denying relief without a hearing.[11]  **See Castro**, 93 A.3d at 825; **see also Commonwealth v. Jackson**, 158 A.3d 64 (Pa. 2016) (reinstating PCRA court's denial of relief without hearing where alleged after-discovered evidence consisted of criminal charges against witness, not conviction).

Order affirmed.

---

[10] The case Brunner refers to, **Commonwealth v. Yates**, MC-51-CR-030236-2014, was *nolle prossed* on April 29, 2015.  Trial in the instant matter began on April 14, 2016.

[11] We note that Brunner's after-discovered evidence claim also fails because the evidence would have been used solely to impeach Yates' credibility as a witness.  **See Randolph**, 873 A.2d at 1283 (third prong of after-discovered evidence test prohibits defendant from alleging new evidence that will be used solely to impeach credibility of witness).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/07/2022