J-S48017-19
J-S48018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD MITCHELL, | : | |
| | : | |
| Appellant | : | No. 2317 EDA 2018 |

Appeal from the PCRA Order Entered July 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002357-2012,
CP-51-CR-0002358-2012


| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD MITCHELL, | : | |
| | : | |
| Appellant | : | No. 2318 EDA 2018 |

Appeal from the PCRA Order Entered July 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002357-2012,
CP-51-CR-0002358-2012


BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 18, 2020**

In these related cases, Richard Mitchell ("Appellant") appeals from the

July 20, 2018 order denying his petition filed pursuant to the Post Conviction

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 1 -

Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, at trial court docket numbers CP-51-CR-0002357-2012 and CP-51-CR-0002358-2012. These separate appeals involve the same facts and procedure, and Appellant presented the same issue in both appeals. Moreover, we note that the PCRA court addressed the appeals at trial court docket numbers CP-51-CR-0002357-2012 and CP-51-CR-0002358-2012 in a single opinion that contained both trial court docket numbers. PCRA Court Opinion, 11/5/18. Due to this congruence, we dispose of these appeals in a single decision.

However, before we address the merits, we first determine whether these appeals are properly before us. The record reveals that on July 31, 2018, Appellant filed identical notices of appeal at trial court docket numbers CP-51-CR-0002357-2012 and CP-51-CR-0002358-2012. Both notices of appeal bore docket numbers CP-51-CR-0002357-2012 **and** CP-51-CR-0002358-2012. Notices of Appeal, 7/31/18. This Court's criminal docketing statements reflect that the appeal at CP-51-CR-0002357-2012 was docketed at Superior Court docket number 2317 EDA 2018, and the appeal at CP-51-CR-0002358-2012 was docketed at Superior Court docket number 2318 EDA 2018.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court explained that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-977. "Where ... one or more orders resolves issues arising on more

- 2 -

than one docket or relating to more than one judgment, separate notices of appeals must be filed." ***Id.*** at 976 (quoting Pa.R.A.P. 341, Note). The failure to file separate notices of appeal at each docket requires the appellate court to quash the appeal. ***Id.*** at 977. Our Supreme Court held that ***Walker*** applies prospectively to appeals filed after June 1, 2018. ***Id.*** at 971.

After our Supreme Court filed its decision in ***Walker***, a panel of our Court decided ***Commonwealth v. Creese***, 216 A.3d 1142 (Pa. Super. 2019) (Strassburger, J., dissenting). In ***Creese***, the Majority concluded that the appellant did not comply with the requirements set forth in ***Walker***. Specifically, the appellant in ***Creese*** filed four identical notices of appeal, each listing all four trial court docket numbers. ***Creese***, 216 A.3d at 1144. The Majority quashed the appeals holding "[this Court] may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number." ***Id.***

In the instant case, because Appellant's notices of appeal each displayed more than one docket number, we issued a Rule to Show Cause at 2317 EDA 2018 and 2318 EDA 2018 as to why the appeals should not be quashed pursuant to ***Walker***. Rules to Show Cause, 9/14/18. Appellant filed a timely response. Response to Rule to Show Cause, 9/21/18, at 1-2. The Rules were discharged on November 2, 2018, and the matter was referred to this panel.

However, during the pendency of the instant appeals, an *en banc* panel of this Court expressly overruled **Creese's** mandate that a notice of appeal may contain only one docket number. **Commonwealth v. Johnson**, ___ A.3d ___, ___, 2020 PA Super 164, *5 (Pa. Super. filed July 9, 2020) (*en banc*)). Specifically, the *en banc* Court opined that where an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." **Id.** Thus, pursuant to **Johnson**, although Appellant's separate notices of appeal bore more than one docket number, the notices of appeal do not run afoul of **Walker** or Pa.R.A.P. 341. Accordingly, we continue with our discussion.

The voluminous factual background in this matter has been set forth by the trial court and the PCRA court, and we need not restate it here.[1] In disposing of Appellant's direct appeal, a prior panel of our Court summarized the relevant facts of Appellant's crimes as follows:

> On September 10, 2011, at approximately 3:30 a.m., [Appellant] shot and killed Shari Harris on the 3300 block of N. 13th Street. [Appellant] shot Harris because she did not have the money she owed him for drugs. Police officers spoke with several witnesses who identified [Appellant] as the shooter. The police ultimately apprehended [Appellant] on September 21, 2011, after chasing him on foot.

---

[1] In its opinion, the PCRA court set forth the comprehensive findings of fact the trial court provided when it addressed the issues raised in Appellant's direct appeal. PCRA Court Opinion, 11/5/18, at 2-9 (quoting Trial Court Opinion, 3/31/14, at 2-11).

On February 25, 2013, a jury convicted [Appellant] of [third-degree murder and possession of an instrument of a crime ("PIC") at trial court docket number CP-51-CR-0002357-2012,[2] and carrying a firearm without a license, providing false identification to law enforcement, and prohibited possession of a firearm at trial court docket number CP-51-CR-0002358-2012.[3] O]n April 19, 2013, the court sentenced [Appellant] to an aggregate term of 31 ½ to 63 years' imprisonment.[4] The court denied [Appellant's] post-sentence motion on August 27, 2013.

Thereafter, [Appellant] filed a notice of appeal on August 29, 2013. On September 3, 2013, the court ordered [Appellant] to file a Concise Statement of Errors Complained of on Appeal. [Appellant] filed his statement on September 12, 2013.

*Commonwealth v. Mitchell*, 118 A.3d 458, 2524 EDA 2013 (Pa. Super., filed January 30, 2015) (unpublished memorandum at *1). On January 30, 2015, this Court affirmed Appellant's judgment of sentence. *Id.* at *2. On June 17, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Mitchell*, 117 A.3d 296, 58 EAL 2015 (Pa. 2015).

---

[2] 18 Pa.C.S. §§ 2502(c) and 907, respectively.

[3] 18 Pa.C.S. §§ 6106(a)(1), 4914(a), and 6105(a)(1), respectively.

[4] The trial court sentenced Appellant at trial court docket number CP-51-CR-0002357-2012 to a term of twenty to forty years of incarceration for third-degree murder and a consecutive term of two and one-half to five years of incarceration for PIC. N.T., 4/19/13, at 24. At trial court docket number CP-51-CR-0002358-2012, the trial court sentenced Appellant to a term of three and one-half to seven years of incarceration for carrying a firearm without a license, six months to twelve months of incarceration for providing false identification to law enforcement, and a term of five to ten years of incarceration for prohibited possession of a firearm. N.T., 4/19/13, at 25-26. The sentences at trial court docket number CP-51-CR-0002358-2012 were ordered to be served consecutively to the sentences imposed at trial court docket number CP-51-CR-0002357-2012. *Id.* This resulted in an aggregate sentence of thirty-one and one-half to sixty-three years of incarceration. *Id.* at 26.

On November 13, 2015, Appellant, *pro se*, filed his first PCRA petition. The PCRA court appointed counsel, and on September 20, 2016, counsel filed an amended PCRA petition. The PCRA court filed its notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 on February 3, 2017, and denied Appellant's petition on March 3, 2017. Appellant did not appeal the order dismissing his first PCRA petition.

On June 14, 2017, Appellant filed his second PCRA petition, which underlies this appeal. In his petition, Appellant averred that he learned of after-discovered evidence and newly discovered facts[5] concerning Detective Ronald Dove, one of the detectives who investigated Appellant's case and testified at Appellant's trial. PCRA Petition, 6/14/17, at ¶¶ 3, 6, 55-77. Specifically, Appellant asserted that he learned that Detective Dove pleaded guilty on April 26, 2017, to criminal charges including obstruction of justice and tampering with evidence in an unrelated case. *Id.* at ¶¶ 77-79. On June 8, 2018, the PCRA court filed its notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 20, 2018, the PCRA court denied Appellant's petition, and as discussed above, Appellant filed a timely appeal at each of the corresponding trial court docket numbers. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

---

[5] The distinction between after-discovered evidence, 42 Pa.C.S. § 9543(a)(2)(vi), and newly discovered facts, 42 Pa.C.S. § 9545(b)(1)(ii), is addressed in greater detail below.

> I. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's [PCRA] petition for relief based on newly discovered evidence, on July 20, 2018, without an evidentiary hearing, as impeachment[-]evidence only … barred as being untimely filed, when the PCRA petition alleged misconduct in the habit and routine practice of the Homicide Unit and Detective Ronald Dove?

Appellant's Brief at 2. Appellant argues that the PCRA court erred in dismissing his petition as untimely,[6] and asserts that Detective Dove's criminal activity was not merely impeachment evidence, but rather it was illustrative of habit or routine. Appellant's Brief at 29. Appellant avers that Detective Dove's criminal conviction in an unrelated case reveals that the detective alters and tampers with evidence. *Id.*

We note that the concepts of newly discovered facts and after-discovered evidence are often conflated. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1271-1272 (Pa. 2007) (discussing the distinction between newly discovered facts under 42 Pa.C.S. § 9545(b)(1)(ii) and after-discovered evidence pursuant to 42 Pa.C.S. § 9543(a)(2)(vi)); *Commonwealth v. Burton*, 158 A.3d 618, 628-629 (Pa. 2017) (same). After review of Appellant's brief, the PCRA court's order denying relief, and the PCRA court opinion, it appears the PCRA court concluded that Appellant satisfied 42 Pa.C.S. § 9545(b)(1)(ii), an exception to the PCRA time bar, and established the PCRA court's jurisdiction to adjudicate Appellant's claim. We reach this

---

[6] The July 20, 2018 order dismissing Appellant's PCRA petition does not mention that the petition was untimely. Rather, the order states that the PCRA court dismissed the petition because it lacked merit. Order, 7/20/18.

- 7 -

conclusion because the PCRA court did not dismiss Appellant's PCRA petition because it was untimely. Rather, the PCRA court addressed the merits of Appellant's petition and denied relief, concluding Appellant's evidence failed to meet the after-discovered evidence criteria under 42 Pa.C.S. § 9543(a)(2)(vi). Order, 7/20/18; PCRA Court Opinion, 11/5/18, at 10. In an abundance of caution and for the sake of completeness, we first address the jurisdictional threshold in 42 Pa.C.S. § 9545(b)(1)(ii), and then the eligibility-for-relief requirements under 42 Pa.C.S. § 9543(a)(2)(vi). ***See Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (stating that once jurisdiction is established under 42 Pa.C.S. § 9545(b)(1)(ii), a PCRA petitioner may then present the substantive claim of after-discovered-evidence pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi)) (citing ***Bennett***, 930 A.2d at 1272).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.*** "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

- 8 -

Additionally, a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

As noted above, this Court affirmed Appellant's judgment of sentence on January 30, 2015, and our Supreme Court denied Appellant's petition for allowance of appeal on June 17, 2015. Accordingly, Appellant's judgment of sentence became final ninety days later, on Tuesday, September 15, 2015, when the time for filing a petition for a writ of *certiorari* in the Supreme Court of the United States expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); ***see also*** U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed … within 90 days after entry of the order denying discretionary review."). Therefore, Appellant had to file a PCRA petition by September 15, 2016, in order for it to be timely. However, Appellant's PCRA petition was not filed until June 14, 2017, and, therefore, is patently untimely.

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. Pursuant to Section 9545(b):

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).[7] It is well established that the burden is on the petitioner to

---

[7] Section 9545(b)(2) was amended, changing the amount of time a PCRA petitioner has to present a claim under Section 9545(b)(1) from sixty days to one year from the time the claim could have been presented. This change applies only to claims arising on or after December 24, 2017. 42 Pa.C.S.

- 10 -

prove that one of the timeliness exceptions applies. ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008). Further, Section 9545(b)(1)(ii) "requires petitioner to allege and prove that there were 'facts' that were 'unknown to him' and that he could not have ascertained those facts by the exercise of 'due diligence.'" ***Marshall***, 947 A.2d at 720 (emphasis omitted).

In the instant case, Detective Dove pleaded guilty on April 26, 2017, and Appellant filed the instant PCRA petition on June 14, 2017, which was within sixty-days of Detective Dove's guilty plea. Accordingly, Appellant's PCRA petition, in which he alleged newly discovered facts under Section 9545(b)(1)(ii), was filed within sixty days pursuant to Section 9545(b)(2). We conclude that Detective Dove's convictions were necessarily unknown to Appellant and could not have been ascertained through due diligence because the convictions did not occur until April 26, 2017.[8] Therefore, we discern no error in the trial court concluding that it had jurisdiction to adjudicate

_____

§ 9545(b)(2), cmt. Herein, Appellant's claims arose on April 26, 2017, when Detective Dove pleaded guilty. Consequently, the amended statute is not implicated and the sixty-day period applies.

[8] We are cognizant that Appellant raised issues concerning criminal allegations against Detective Dove in his direct appeal and in his first PCRA petition. However, at those times, there were only accusations against Detective Dove, and the detective had not yet been convicted. ***See Commonwealth v. Castro***, 93 A.3d 818, 821 n.7 (Pa. 2014) (stating that allegations of wrongdoing in a newspaper article are not evidence). Accordingly, Appellant could not have learned of Detective Dove's **convictions** until April 26, 2017, when the detective pled guilty at trial court docket number CP-51-CR-0001382-2015.

- 11 -

Appellant's facially untimely PCRA petition, as Appellant satisfied an exception under 42 Pa.C.S. § 9545(b)(1)(ii).

Although Appellant satisfied the newly discovered facts exception to the PCRA's timeliness requirements, we reiterate that in order to be eligible for substantive relief in the form of a new trial, Appellant must meet additional requirements. **Brown**, 111 A.3d at 176; **Burton**, 158 A.3d at 629. Our Supreme Court explained:

> the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Burton**, 158 A.3d at 629.

In the instant case, the PCRA court concluded as follows:

> Here, [Appellant] alleges that he is entitled to a new trial due to the arrest and conviction of Detective Ronald Dove. Detective Dove was convicted on numerous charges including tampering with evidence. However, [Appellant] does not provide any evidence that Detective Dove's wrongdoings have any connection to the instant case. [Appellant] also fails to meet the third prong of [*Commonwealth v. Randolph*, 873 A.2d 1277 (Pa.

2005)[9]], as the alleged new evidence would be used solely to impeach the credibility of the witness. Additionally, even without Detective Dove's testimony, the evidence against [Appellant], including several eyewitnesses, is overwhelming. Therefore, [Appellant] fails to meet the fourth prong of *Randolph*, as the evidence is not of such nature and character that a different verdict would likely result.

PCRA Court Opinion, 11/5/18, at 10.

After review, we agree with the PCRA court. Appellant failed to establish how Detective Dove's actions in a separate case impacted Appellant's trial. Also, there was overwhelming evidence of Appellant's guilt such that even if Appellant were to have a new trial possessed with the knowledge that Detective Dove was convicted in a separate matter, a different result is unlikely. Appellant focuses his argument on the fact that it was Detective Dove who testified that Appellant confessed to the shooting after Appellant was informed of his rights pursuant to *Miranda*.[10] Appellant's Brief

---

[9] Similar to *Burton*, *Commonwealth v. Randolph*, 873 A.2d 1277 (Pa. 2005), provides that in order to be granted a new trial based on after-discovered evidence, appellant must show the evidence:

1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence;
2) is not merely corroborative or cumulative;
3) will not be used solely to impeach the credibility of a witness; and
4) is of such nature and character that a different verdict will likely result if a new trial is granted.

*Randolph*, 873 A.2d at 1283 (citation omitted).

[10] *Miranda v. Arizona*, 384 U.S. 436 (1966). Pursuant to *Miranda*, a criminal suspect must be advised prior to interrogation that he has the right

- 13 -

at 29. Appellant asserts that but for Detective Dove's testimony wherein he stated that Appellant waived his *Miranda* rights and admitted to shooting the victim over a $3,000.00 cocaine debt, Appellant would have been acquitted. *Id.* at 29-30. However, Appellant fails to address the fact that Detective George Fetters was with Detective Dove when Appellant waived his *Miranda* rights and confessed to the shooting. N.T., 2/11/13, at 270, 284. Therefore, even if Detective Dove had not testified, Detective Fetters could have provided the testimony concerning Appellant's waiver of his *Miranda* rights and admission that he shot the victim over a drug debt. Moreover, there was additional eyewitness testimony placing Appellant at the scene, identifying Appellant as the shooter, and connecting the gun used in the shooting to Appellant. PCRA Court Opinion, 11/5/18, at 2-9 (quoting the Trial Court Opinion, 3/31/14, 2-11).

We discern no error or abuse of discretion in the PCRA court's conclusion that even without Detective Dove's testimony, the verdict would have been the same. Thus, we conclude that there was no error in the PCRA court's denial of Appellant's PCRA petition without a hearing. *Phillips*, 31 A.3d at 319; *Mason*, 130 A.3d at 617.

---

to remain silent, anything he says can be used against him in a court of law, he has the right to counsel, and if he cannot afford counsel, one will be appointed to him. *Commonwealth v. Yandamuri*, 159 A.3d 503, 510 (Pa. 2017).

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the July 20, 2018 order denying Appellant's June 14, 2017 PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/20